# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNILOG CONTENT SOLUTIONS, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 15 C 5899 |
| | ) |
| THANX MEDIA, INC. et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendants' partial motions to dismiss. For the reasons stated below, the motion is granted in part and denied in part.

## BACKGROUND

On July 31, 2013, Plaintiff Unilog Content Solutions, LLC (Unilog) allegedly entered into an agreement (Reseller Agreement) with Defendant Thanx Media, Inc. (Thanx). Pursuant to the Reseller Agreement, Unilog allegedly was to provide Thanx with Unilog's proprietary CIMM2 eCommerce software platform (CIMM2) and other related software products and services. Thanx was allegedly obligated to sell such software products to third parties at a markup price, remit specified amounts to Unilog each month, and retain the remaining amounts. As of March 28, 2015, in

1

violation of the Reseller Agreement, Thanx has allegedly refused to forward any funds collected from third-party purchasers of CIMM2. Thanx also allegedly violated the Reseller Agreement by providing Unilog's proprietary software to Defendant Real Omni Channel Commerce, Inc. (ROCCI) and Defendant Svanaco, Inc. (Svanaco). Thanx also allegedly violated the Reseller Agreement by assisting ROCCI and Svanaco in creating a software product called Real Omni Channel Commerce (ROC), which is a competing product to CIMM2. Thanx further allegedly violated the Reseller Agreement by using Unilog's marketing materials to market a competing product.

Unilog includes in its amended complaint breach of contract claims brought against all Defendants (Count I), claims brought against all Defendants under the Illinois Trade Secrets Act, 765 ILCS 1065/1 *et seq.* (Count II), an intentional interference with prospective business advantage (IIPBA) claim brought against Thanx (Count III), claims brought under the Illinois Consumer Fraud and Deceptive Practices Act (Fraud Act), 815 ILCS 505/1 *et seq.* against all Defendants (Count IV), a defamation *per se* claim brought against Thanx based on statements about alleged misconduct by a Unilog employee (Count V), defamation *per se* claims brought against all Defendants based on statements indicating that Unilog could not be trusted with customers' internal data (Count VI), and accounting claims brought against all Defendants (Count VII). On September 23, 2016, Unilog voluntarily dismissed the claim brought against Svanaco in Count VI. Thanx now moves to dismiss the claims in Counts III, IV, and VI, and a portion of the claim brought

against it in Count I. Svanaco moves to dismiss the claim brought against it in Count IV, and ROCCI moves to dismiss the claims brought against it in Counts IV and VI.

**LEGAL STANDARD**

In ruling on a motion to dismiss brought pursuant Federal Rule of Civil Procedure 12(b)(6) (Rule 12(b)(6)), the court must draw all reasonable inferences that favor the plaintiff, construe the allegations of the complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Appert v. Morgan Stanley Dean Witter, Inc.*, 673 F.3d 609, 622 (7th Cir. 2012); *Thompson v. Ill. Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002). A plaintiff is required to include allegations in the complaint that "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'" and "if they do not, the plaintiff pleads itself out of court." *E.E.O.C. v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir. 2007)(quoting in part *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007)); *see also Morgan Stanley Dean Witter, Inc.*, 673 F.3d at 622 (stating that "[t]o survive a motion to dismiss, the complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," and that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged")(quoting *Ashcroft v. Iqbal*, 556 U.S. 662 (2009))(internal quotations omitted).

**DISCUSSION**

I. Breach of Contract Claim (Count I)

Thanx argues that, to the extent that Unilog's breach of contract claim is premised on a breach of the clause relating to the creation of competing products (Competing Products Clause) in the Reseller Agreement, Unilog has failed to allege sufficient facts to state a valid breach of contract claim. Thanx acknowledges that Unilog has stated a valid breach of contract claim in regard to the other three bases provided in the amended complaint. Thanx acknowledges that it entered into the Reseller Agreement and that it contained a clause that prohibits Thanx from "creat[ing] any competing product or services. . . ." (T Mot. 6). Thanx argues, however, that such a restrictive covenant is unenforceable as a matter of law.

Under Illinois law, "restraints on trade" are "abhor[ed]" and thus "restrictive covenants are carefully scrutinized." *Prairie Eye Ctr., Ltd. v. Butler*, 713 N.E.2d 610, 613 (Ill. App. Ct. 1999). A restrictive covenant is enforceable if it "is ancillary to either a valid transaction or a valid relationship," and "there is adequate consideration to support the covenant." *Prairie Rheumatology Associates, S.C. v. Francis*, 24 N.E.3d 58, 62 (Ill. App. Ct. 2014)(explaining that "[t]he traditional rule is that courts do not inquire into the adequacy of consideration, only its existence" is not applicable in the context of restrictive covenants). In addition, a restrictive covenant will only be enforceable under Illinois law if "it contains a reasonable restraint. . . ." *Reliable Fire Equip. Co. v. Arredondo*, 965 N.E.2d 393, 396- 97 (Ill.

4

2011). A restrictive covenant is deemed to be reasonable if: (1) it "is no greater than is required for the protection of a legitimate business interest of the" promisee, (2) it "does not impose undue hardship on the" promisor, and (3) it "is not injurious to the public." *id.* In assessing the reasonableness of the restrictive covenant the court should consider the scope of the activity curtailed and whether there are limitations on the scope of the covenant in regard to duration and/or geographical coverage. *Id.*; *see also Prairie*, 24 N.E.3d at 62 (indicating that a restrictive covenant should be "reasonable in geographic and temporal scope").

Thanx does not dispute that the Competing Products Clause is ancillary to the Reseller Agreement, which is a valid contract formed with valid consideration. Thanx argues that the Competing Products Clause contains no geographical or temporal restrictions and would essentially prevent Thanx from ever creating any product in any market in the world that competes with a Unilog product. Thanx is correct that the Competing Products clause contains no geographical limitation or temporal restriction. Unilog points to the scope of the Reseller Agreement and its applicability to the North American market, but no such term is provided in the Competing Products Clause. Unilog also argues that there is a duration limit for the Competing Products Clause because the Reseller Agreement provided that the agreement would expire on July 31, 2016. There is, however, no such term in the Competing Products Clause and the court will not read into the clause such a term that was not included by the parties. Nor is Unilog's argument that the clause ended at the expiration of the Reseller Agreement logical. Under such logic all restrictions,

5

including the disclosure of Unilog's proprietary secrets would be removed at the conclusions of the Reseller Agreement. It is evident that the parties to the agreement did not intend all restrictions listed in the Reseller Agreement to end at its expiration. While parties should be encouraged to honor their obligations when then voluntarily enter into contracts, and Thanx is a sophisticated party and willingly agreed to the Competing Products Clause, such a restriction of unlimited scope cannot be upheld under Illinois law. Therefore, Thanx's motion to dismiss the breach of contract claim, to the extent that it relies on a breach of the Competing Products Clause, is granted.

II. IIPBA Claim (Count III)

Thanx argues that Unilog has failed to state a valid IIPBA claim. For an IIPBA claim brought under Illinois law, a plaintiff must establish: "(1) a reasonable expectation of entering into a valid business relationship, (2) the defendant's knowledge of the expectation, (3) purposeful interference by the defendant that prevents the plaintiff's legitimate expectancy from ripening into a valid business relationship, and (4) damage to the plaintiff resulting from the defendant's interference." *Atanus v. Am. Airlines, Inc.*, 932 N.E.2d 1044, 1048 (Ill. App. Ct. 2010). Thanx argues that Unilog has failed to specifically allege the specific third-party with whom Unilog had a business relationship or prospective relationship that is the subject of the IIPBA claim and has failed to allege that the Reseller Agreement was an exclusive agreement. Unilog admits that it did not include such specific facts

in the amended complaint, but indicates that it did not do so because such facts fall within the ATTORNEYS' EYES ONLY protections of the protective order that has been entered in this case. Unilog contends that Thanx is aware of the facts underlying the IIPBA claim and does not need such facts to be included in the amended complaint for proper notice of the claim. Unilog however cannot simply rely on its belief as to Thanx's knowledge of facts. The notice pleading standard requires Unilog to provide proper notice of claims in its complaint. Although Unilog attempts to explain the bases for the IIPBA claim in response to the instant motion, Unilog failed to do so in the amended complaint. Unilog's allegations in regard to the IIPBA are unclear and incomplete. Unilog cannot rely on other unspecified facts that are not pled in the amended complaint based on the need for secrecy and ask the court to accept Unilog's claim that it possesses such unspecified facts. If Unilog believed that certain information should be protected, Unilog could have sought appropriate relief from the court in order to properly present the information in its pleading and to keep confidential information protected. Therefore, Thanx's motion to dismiss the IIPBA claim is granted. If Unilog believes that it can provide the necessary facts for its IIPBA claim it can seek leave to amend the complaint and seek appropriate relief to protect any confidential information.

III. Fraud Act Claims (Count IV)

Defendants argue that Unilog has failed to plead sufficient facts to state a valid Fraud Act claim. Defendants contend that Unilog cannot bring a Fraud Act claim

because Unilog did not allege that the fraud primarily and substantially occurred in Illinois. Defendants also contend that and that Unilog has failed to plead the Fraud Act claim with particularity. A plaintiff can bring a Fraud Act claim only "if the circumstances that relate to the disputed transaction occur primarily and substantially in Illinois." *Avery v. State Farm Mut. Auto. Ins. Co.*, 835 N.E.2d 801, 853-54 (Ill. 2005)(stating that "[i]n adopting this holding, [the court] recognize[s] that there is no single formula or bright-line test for determining whether a transaction occurs within this state" and that "each case must be decided on its own facts").

Pursuant to Federal Rule of Civil Procedure 9(b), "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9; *see also United States ex rel. Presser v. Acacia Mental Health Clinic, LLC*, 836 F.3d 770, 776 (7th Cir. 2016)(stating that in order to plead with particularity a "plaintiff ordinarily must describe the who, what, when, where, and how of the fraud - the first paragraph of any newspaper story")(internal quotations omitted)(quoting *United States ex rel. Lusby v. Rolls-Royce Corp.*, 570 F.3d 849, 853 (7th Cir. 2009)); *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 737 (7th Cir. 2014)(stating that a "claim that sounds in fraud - in other words, one that is premised upon a course of fraudulent conduct - can implicate 9(b)'s heightened pleading requirements")(internal quotations omitted)(quoting *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. Walgreen Co.*, 631 F.3d 436, 446-47 (7th Cir. 2011)).

Unilog failed to plead sufficient facts regarding the nexus to Illinois. Unilog

8

also failed to plead the Fraud Act claims with particularity. For example, Unilog provides only general references to statements to "potential . . . customers," failing to specify who made such statements and to whom such statements were made. (A. Compl. Par. 141). Unilog contends again that it did not include the necessary allegations in the amended complaint out of an abundance of caution in order not to disclose confidential information. Unilog indicates that it can allege facts that would suggest that the fraud occurred primarily and substantially in Illinois and can provide the necessary facts to plead the Fraud Act claims with particularity. As indicated above, such concerns do not exempt Unilog from the federal pleading requirements. Unilog failed to plead sufficient facts in the amended complaint to state a valid Fraud Act claim. Therefore, Defendants' motion to dismiss the Fraud Act claim is granted.

IV. Defamation *Per Se* Claims (Count VI)

Defendants move to dismiss the defamation *per se* claims. Defendants contend that the alleged statements that are the basis for the defamation *per se* claims are not actionable statements, contending that they were forward-looking predictions, were mere subjective opinions, and are capable of an innocent construction. Under Illinois law, "a pure opinion . . . is not actionable." *Wynne v. Loyola Univ. of Chicago*, 741 N.E.2d 669, 676 (Ill. 2000)(stating that "[w]hile in one sense all opinions imply facts, the question of whether a statement of opinion is actionable as defamation is one of degree; the vaguer and more generalized the opinion, the more likely the opinion is nonactionable as a matter of law"). In determining whether an

9

opinion is actionable in the defamation context, the court should consider "whether the statement contains an objectively verifiable assertion." *Id.*; *see also Lifton v. Bd. of Educ. of City of Chicago*, 416 F.3d 571, 579 (7th Cir. 2005)(stating that "[v]ague, unprovable statements and statements of opinion do not give rise to a defamation claim" and that "Illinois law requires that the allegedly defamatory statement must contain an objectively verifiable factual assertion")' *see also Solaia Tech., LLC v. Specialty Pub. Co.*, 852 N.E.2d 825, 839 (Ill. 2006)(stating that "a statement that is defamatory per se is not actionable if it is reasonably capable of an innocent construction").

Unilog alleges in the amended complaint that Defendants, in marketing products, made false statements about Unilog and CIMM2. (A. Compl. Par. 140). Unilog further alleges that falsely stated that "as an India-based company, Unilog could not be trusted with the customers' internal data and that Unilog would impermissibly sell that data to third parties." (A. Compl. Par. 141). The portion of such allegations predicting the sale of data does contain forward-looking speculative opinion. However, the allegations that at the time of the statement that Unilog was untrustworthy and could not be trusted with customers' data because it is an India-based company was not a forward-looking prediction and represented objectively verifiable facts. Thanx points to a portion of the amended complaint where Unilog alleges that the statement indicated that Unilog was "likely to steal" customer data as evidence that such a statement was mere opinion. (A. Compl. Par. 6). However, that statement is consistent with the premise that Unilog was untrustworthy and involves

10

more than mere subjective opinion. Such a statement would indicate that the speaker has knowledge of past and current facts relating to Unilog's operations that would render it "likely" that customer data would be put at risk. Such alleged statements also relate to Unilog's ability to perform its profession, which falls within one of the defamation *per se* categories under Illinois law. *See id.* (listing *per se* categories). The allegations in the amended complaint are of such a disparaging nature that they are not such that they are capable of innocent construction. Such alleged statements are much more than the cautionary warning to customers that Defendants now claim and are not reasonably capable of such an innocent construction. The alleged statements are a direct attack on the trustworthiness of their competitor's operations. Therefore, Defendants' motion to dismiss the defamation *per se* claim is denied.

## CONCLUSION

Based on the foregoing analysis, Defendants' motion to dismiss part of the claim in Count I is granted, and motion to dismiss the IIPBA and Fraud Act claims is granted. Defendants' motion to dismiss the defamation *per se* claims is denied.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: December 13, 2016