# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNILOG CONTENT SOLUTIONS, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 15 C 5899 |
| | ) |
| THANX MEDIA, INC. et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant Thanx Media, Inc.'s (Thanx). partial motions to dismiss. For the reasons stated below, the motion is granted in part and denied in part.

## BACKGROUND

On July 31, 2013, Plaintiff Unilog Content Solutions, LLC (Unilog) allegedly entered into an agreement (Reseller Agreement) with Thanx. Pursuant to the Reseller Agreement, Unilog allegedly was to provide Thanx with Unilog's proprietary CIMM2 eCommerce software platform (CIMM2) and other related software products and services. Thanx was allegedly obligated to sell such software products to third parties at a markup price, remit specified amounts to Unilog each

1

month, and retain the remaining amounts. As of March 28, 2015, in violation of the Reseller Agreement, Thanx has allegedly refused to forward any funds collected from third-party purchasers of CIMM2. Thanx also allegedly violated the Reseller Agreement by providing Unilog's proprietary software to Defendant Real Omni Channel Commerce, Inc. (ROCCI) and Defendant Svanaco, Inc. (Svanaco). Thanx also allegedly violated the Reseller Agreement by assisting ROCCI and Svanaco in creating a software product called Real Omni Channel Commerce (ROC), which is a competing product to CIMM2. Thanx further allegedly violated the Reseller Agreement by using Unilog's marketing materials to market a competing product.

Unilog includes in its second amended complaint breach of contract claims brought against all Defendants (Count I), claims brought against all Defendants under the Illinois Trade Secrets Act, 765 ILCS 1065/1 *et seq.* (Count II), an intentional interference with prospective business advantage (IIPBA) claim brought against Thanx (Count III), claims brought under the Illinois Consumer Fraud and Deceptive Practices Act (Fraud Act), 815 ILCS 505/1 *et seq.* against all Defendants (Count IV), a defamation *per se* claim brought against Thanx based on statements about alleged misconduct by a Unilog employee (Count V), defamation *per se* claims brought against all Defendants based on statements indicating that Unilog could not be trusted with customers' internal data (Count VI), and accounting claims brought against all Defendants (Count VII). On March 2, 2017, Unilog voluntarily dismissed the claim brought against Svanaco in Counts II and VII. Thanx now moves to dismiss the IIPBA claim brought against it in Count III.

# LEGAL STANDARD

In ruling on a motion to dismiss brought pursuant Federal Rule of Civil Procedure 12(b)(6) (Rule 12(b)(6)), the court must draw all reasonable inferences that favor the plaintiff, construe the allegations of the complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Appert v. Morgan Stanley Dean Witter, Inc.*, 673 F.3d 609, 622 (7th Cir. 2012); *Thompson v. Ill. Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002). A plaintiff is required to include allegations in the complaint that "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'" and "if they do not, the plaintiff pleads itself out of court." *E.E.O.C. v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir. 2007)(quoting in part *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007)); *see also Morgan Stanley Dean Witter, Inc.*, 673 F.3d at 622 (stating that "[t]o survive a motion to dismiss, the complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," and that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged")(quoting *Ashcroft v. Iqbal*, 556 U.S. 662 (2009))(internal quotations omitted).

**DISCUSSION**

Thanx argues that Unilog has failed to state a valid IIPBA claim. For an IIPBA claim brought under Illinois law, a plaintiff must establish: "(1) a reasonable expectation of entering into a valid business relationship, (2) the defendant's knowledge of the expectation, (3) purposeful interference by the defendant that prevents the plaintiff's legitimate expectancy from ripening into a valid business relationship, and (4) damage to the plaintiff resulting from the defendant's interference." *Atanus v. Am. Airlines, Inc.*, 932 N.E.2d 1044, 1048 (Ill. App. Ct. 2010).

Thanx argues that Unilog has failed to allege sufficient facts to show that Unilog had a reasonable expectation of entering into a valid business relationship. The court notes that in an earlier ruling on the IIPBA claim in the first amended complaint, the court indicated that Unilog had not named the customers in question. In the second amended complaint, Unilog has provided such names and, based on confidentiality concerns, the court authorized Unilog to file a redacted second amended complaint on the docket. Unilog thus specifically names the prospective customers. (SA Compl. Par. 134-145). Unilog also specifically identified when Thanx allegedly promised Unilog that Thanx would market its offerings to such customers. (SA Compl. Par. 115-118). Thanx argues that the mere existence of prospective customers and an intent to market a product does not create a reasonable expectation of entering into a valid business relationship. Such an argument, however, is based upon Thanx's characterization of the allegations in the second

amended complaint. It is premature at this juncture to challenge such allegations and all reasonable inferences must be made in favor of Unilog. At the summary judgment stage, Thanx will have an opportunity to make arguments and present evidence to show that such a potential for business did not rise to the level of an expectancy that could support an IIPBA claim. Thanx also contends that Unilog has failed to allege that it suffered damages. However, Unilog has specifically alleged that it suffered damages in the form of lost sales as a result of the prospective business relationships. (SA Compl. Par. 148). To the extent that Thanx asserts that there is not sufficient evidence of damages or that all of the specific facts relating to such damages have not been presented, such an argument is premature. Thanx also argues that, based upon its interpretation of its agreement with Unilog, Thanx was justified in its actions regarding the potential customers. Such an argument, however, relies upon facts outside of the pleadings, relates to the merits of Unilog's claims, and is also premature. At the summary judgment stage, Thanx can pursue such arguments and Unilog will need to point to sufficient evidence to support its IIPBA claim. Based on the above, Thanx's partial motion to dismiss is denied.

## CONCLUSION

Based on the foregoing analysis, Thanx's partial motion to dismiss is denied.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: April 20, 2017